**GUO WEI HUANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–2317–ag.

United States Court of Appeals, Second Circuit.

Aug. 23, 2007.

Gary Yerman, New York, NY, for Petitioner.

David E. O'Meilia, United States Attorney for the Northern District of Oklahoma, Neal B. Kirkpatrick, Assistant United States Attorney, Tulsa, OK, for Respondent.

Present: RICHARD J. CARDAMONE, GUIDO CALABRESI, ROSEMARY S. POOLER Circuit Judges.

## SUMMARY ORDER

Guo Wei Huang, a citizen of China, seeks review of an April 27, 2004, order of the BIA, affirming the March 11, 2003, order of Immigration Judge ("IJ") Roxanne C. Hladylowycz denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guo Wei Huang*, No. A77 958 193 (BIA April 27, 2004), *aff'g* No. A77 958 193 (Immig. Ct. N.Y. City March 11, 2003). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We have repeatedly cautioned that an IJ may not find testimony implausible based on his or her unsupported assumptions concerning the practices in a foreign country. *See, e.g., Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 405 (2d Cir.2005). In this case the IJ engaged in impermissible speculation when, without support in the record, she characterized as implausible (1) Huang's claim that the government never completely sterilized his wife because of her medical condition; (2) Huang's claim that he was released from detention to attend his father's funeral upon payment of a deposit; (3) Huang's testimony that he was given a receipt for payment of a birth–control fine in his name although he was not yet legally married to his future wife; and (4) Huang's claim that he was given a marriage certificate even though his wife had not yet been sterilized. No evidence of country practice or policy provides a basis for any of these implausibility findings.

The IJ also erred by finding that it was implausible that Huang's wife was able to return to work at a construction site a few days after her partial sterilization without considering Huang's explanation that his wife did not really work at the construction site but rather rested and cooked his food. *Cf. Zhi Wei Pang v. BCIS,* 448 F.3d 102, 108 (2d Cir.2006) (holding that the IJ must consider an alien's explanation for submission of a fraudulent document).

Finally, the IJ erred by relying on the lack of detail concerning the abortion procedure in Huang's testimony and his wife's letter as a basis for her adverse credibility finding without probing for more detail. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003). While other portions of the IJ's credibility analysis were not infected by error, we cannot confidently predict that she would reach the same result on remand absent the error-infected portions of her analysis. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 (2d Cir.2006).

We therefore grant the petition for review, vacate the BIA's order, and remand for further proceedings. Having completed our review, we deny Huang's motion for a stay of removal as moot.